Debra E. Schreck (NJ ID 042122006)
Marcus A. Asner*
Benjamin C. Wolverton*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
debra.schreck@arnoldporter.com
marcus.asner@arnoldporter.com
benjamin.wolverton@arnoldporter.com

*Pro hac vice application to be filed*

*Attorneys for Applicant LAE Technologies Hong Kong Ltd.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:  Application of LAE TECHNOLOGIES HONG KONG LIMITED for an Order pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding | Civil Action No. _____ |

## *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING

Applicant LAE Technologies Hong Kong Limited ("LAE"), through its undersigned counsel and based upon the concurrently filed Memorandum of Law and Declaration of Alfred Wu, and pursuant to 28 U.S.C. § 1782, respectfully applies to this Court *ex parte* for an order authorizing LAE to serve Olubukunmi Olufemi Demuren, an individual who, upon information and belief, resides at 8 Heritage Court, Somerville, New Jersey, 08876, with the Subpoena attached as Exhibit A to the accompanying Proposed Order.  The Subpoena directs Mr. Demuren to provide documents and deposition testimony for use in two foreign proceedings to which

RemX Ltd. ("RemX") is a party.  Mr. Demuren is a part-owner, director, and Chief Executive Officer of RemX.

This application meets the three statutory requirements of Section 1782.  LAE is a plaintiff in one of the Hong Kong proceedings against RemX and is the defendant in the second, and therefore is an interested person seeking discovery from Mr. Demuren for use in the Hong Kong proceedings.  Mr. Demuren resides in Somerville, New Jersey, and as such can be found in this district.  LAE respectfully requests that the Court exercise its discretion to authorize the requested discovery because:  (1) Mr. Demuren is not a party to the Hong Kong proceedings, does not reside in Hong Kong, and is beyond the jurisdiction of the Hong Kong court; (2) LAE's application is not an attempt to circumvent proof-gathering restrictions of any foreign tribunal; (3) the Hong Kong courts will be receptive to evidence obtained through this Application; and (4) the requested discovery is relevant to the Hong Kong proceedings and is not unduly burdensome or intrusive.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262–65 (2004).

Section 1782 applications such as this one are commonly submitted and granted on an *ex parte* basis.  *See, e.g.*, *In re Owl Shipping, LLC*, 2014 WL 5320192, at *1 & n.1 (D.N.J. Oct. 17, 2014) (granting *ex parte* application for discovery pursuant to Section 1782); *In re Ex Parte Application of Societe d'Etude de Realisation et d'Exploitation Pour le Traitement du Mais*, 2013 WL 6164435, at *2 n.1 (E.D. Pa. Nov. 22, 2013) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*."); *In re Mesa Power Grp. LLC*, 2012 WL 6060941, at *4 (D.N.J. Nov. 20, 2012) ("[I]t is 'appropriate for this Court to issue the order on an *ex parte* basis, without prejudice to the rights of the subpoenaed parties to file a motion to vacate or quash' within thirty days of the issuance of this order."); *accord* N.J. L.

Civ. R. 27.1(a) (expressly permitting *ex parte* application for order to depose witness who may be found in district for use in judicial proceeding pending in foreign country).

      **WHEREFORE**, LAE respectfully requests that the Court enter an Order:

1. Granting LAE's application for discovery;

2. Authorizing LAE to serve on Mr. Demuren the Subpoena as it appears herein (attached to this application as Exhibit A) and take the requested discovery in accordance with the Federal Rules of Civil Procedure;

3. Directing Mr. Demuren to produce the requested documents in his possession, custody, or control as set forth in Schedule A of the Subpoena, and to provide the requested deposition testimony, in accordance with the Federal Rules of Civil Procedure; and

4. For such other and further relief as the Court deems proper.

**Dated:**      New York, New York
              April 26, 2023

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Debra E. Schreck*
Debra E. Schreck (NJ ID 042122006)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY  10019-9710
(212) 836-8000
debra.schreck@arnoldporter.com

*Attorneys for Applicant*
*LAE Technologies Hong Kong Ltd.*

*Of Counsel*:

Marcus A. Asner
Benjamin Wolverton
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY  10019-9710
(212) 836-8000
marcus.asner@arnoldporter.com
benjamin.wolverton@arnoldporter.com

\* Not admitted in D.N.J.  Motions for *pro hac vice* to be filed.