Debra E. Schreck (NJ ID 042122006)
Marcus A. Asner*
Benjamin Wolverton*
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY  10019-9710
(212) 836-8000
debra.schreck@arnoldporter.com
marcus.asner@arnoldporter.com
benjamin.wolverton@arnoldporter.com

*Pro hac vice application to be filed*

*Attorneys for Applicant LAE Technologies Hong Kong Ltd.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:  Application of LAE TECHNOLOGIES HONG KONG LIMITED for an Order pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding | Civil Action No. _____ |

**DECLARATION OF ALFRED WU**

I, Alfred Wu, declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge and belief:

1. I am a solicitor and Partner of the law firm of Norton Rose Fulbright Hong Kong ("NRF").

2. I was admitted to practice law in Hong Kong in 1998, and since 2015 have been at the firm of NRF, where I am a Partner in the firm's Dispute Resolution group. I specialize in litigation and arbitration, and represent clients before local courts, arbitral tribunals, and coordinate international lawsuits.

3. NRF represents LAE Technologies Hong Kong Limited ("LAE" or the "Applicant"), the applicant in the above-captioned action, in two proceedings currently pending before the Hong Kong Court of First Instance: *LAE Technologies Hong Kong*

*Limited v. RemX Limited*, [2021] H.K.S.A.R. (H.C.A. 346/2021) and *RemX Limited v. LAE Technologies Hong Kong Limited* [2021] H.K.S.A.R. (H.C.A. 361/2021) (together, the "HK Proceedings").

4. I submit this declaration in support of LAE's request for an order from this Court pursuant to 28 U.S.C. § 1782 (the "Application") authorizing LAE to serve a subpoena for relevant documents and deposition testimony on Mr. Olubukunmi Olufemi Demuren (the "Subpoena"). Upon information and belief, Mr. Demuren maintains a residence at 8 Heritage Court, Somerville, New Jersey 08876, and so is found within this district. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

**Basis of the HK Proceedings & Evidence Sought**

5. LAE alleges in the HK Proceedings that RemX Limited ("RemX") breached a Value Added Reseller Agreement dated October 17, 2020 (the "VAR") following the payment of a deposit of $12 million USD thereunder. In anticipation of and following the VAR's execution, LAE met its end of the bargain and performed work as set forth in the VAR, including by providing software demonstrations and tailoring its custom stable coin technology for RemX's stated needs. However, in breach of the VAR, RemX failed to pay to LAE $88 million USD, which is the outstanding sum due under the VAR and the amount of damages sought by LAE from RemX. RemX, on the other hand, alleges that the $12 million USD payment was made pursuant to a Coin Management and Custody Agreement, coined the "Over the Counter" Agreement (the "OTC"), for which RemX demanded a refund. The VAR and OTC are separate agreements between the same parties.

6. As set forth below, the evidence sought in the Application, as identified in the Subpoena, is relevant to LAE's and RemX's allegations in the HK Proceedings. More specifically, the Application requests important information regarding RemX's conduct while RemX was engaged in negotiations with LAE over the VAR and the OTC. The evidence

2

obtained would be relevant to the key issues of whether the VAR and OTC are both legally valid and enforceable agreements, and whether the $12 million USD was paid pursuant to the VAR (as LAE alleges) or the OTC (as RemX alleges).

7. LAE seeks deposition testimony and the production of documents from Mr. Demuren concerning (1) RemX's communications with and regarding LAE and the parties' agreements and proposed business activities, (2) the relationships between RemX and its apparent related business entities; (3) RemX's allegations in the HK Proceedings as to the appropriateness of any know-your-customer ("KYC") and anti-money laundering ("AML") due diligence LAE sought to conduct on RemX; and (4) RemX's allegations regarding its purported business practice with regard to the use of "dummy agreements" and "Same Company Fund Transfers." These documents would assist LAE in proving and defending its claims against RemX in the HK Proceedings by supporting LAE's contention that the VAR is a valid and legally enforceable agreement, that it is not a "dummy agreement" (as alleged by RemX), and that the $12 million USD paid by RemX was in partial performance of the VAR. The evidence would also assist LAE in showing that LAE was, for good reason, unable to do business under the OTC due to RemX's failure to comply with LAE's reasonable KYC and AML due diligence efforts.

8. Mr. Demuren is in possession, custody, or control of the evidence referenced in the Subpoena: he is a RemX part-owner, director, and Chief Executive Officer, and upon information and belief also affiliated with other RemX-related companies, including Multigate Limited, Boltpay, and Venture Garden Group, with which LAE dealt in the early days of its dealings with RemX. Mr. Demuren was a key decision maker regarding negotiations, execution, and performance of both the VAR and the OTC. Indeed, upon information and belief, some of the requested information would be uniquely in the exclusive possession, custody, or control of Mr. Demuren and not in the possession of RemX or related

3

individuals located within the jurisdiction of the Hong Kong courts.

9. Mr. Demuren is not a party to the HK Proceedings and has submitted no evidence in those proceedings. He does not reside in Hong Kong and is outside the jurisdiction of the Hong Kong courts for purposes of discovery. Even if the Hong Kong court did have jurisdiction over Mr. Demuren, it is unlikely that the Hong Kong court could compel Mr. Demuren to comply with an order to produce documents or to give deposition testimony if he chooses not to do so since there is no arrangement of mutual recognition and enforcement of court orders between Hong Kong and the United States.

10. The Hong Kong courts are receptive to judicial assistance from US courts so long as the evidence is obtained through legal means and is probative of issues in the Hong Kong case. The Hong Kong courts will evaluate the materials obtained through this application as it would any other evidence.

11. By seeking the requested discovery from Mr. Demuren through this Application, LAE is not seeking to circumvent Hong Kong discovery limits and has not requested evidence that litigants in Hong Kong are prohibited from obtaining. The requested discovery is narrowly tailored to be unobtrusive and seeks to address LAE's needs to assert claims and defenses in the HK Proceedings while also endeavoring to avoid inefficiencies arising from parallel efforts to pursue evidence both in Hong Kong and in the United States (particularly given the expected futility of those efforts in Hong Kong, as described above in paragraph 9).

**Procedural History of the HK Proceedings**

12. On March 4, 2021, LAE commenced proceedings in the High Court of Hong Kong (the "High Court") against RemX by issuing and serving on RemX a writ of summons in HCA 346/2021 (the "HCA 346 Action"). LAE sued RemX for an outstanding sum of $88 million USD arising from RemX's breaches of non-performance of the VAR. Under the

VAR, LAE contracted with RemX to develop and maintain a custom stable coin for RemX's exclusive use throughout Kenya and Nigeria for a 50-year period.

13. On March 9, 2021, after having been served with the writ in the HCA 346 Action, RemX issued a writ of summons in the High Court against LAE in HCA 361/2021 (the "HCA 361 Action"), claiming that the $12 million USD transferred to LAE was paid pursuant to the OTC, not the VAR, and that as the parties were unable to proceed with the OTC, the $12 million USD ought to be refunded to RemX. RemX argued that the VAR had always been a "dummy agreement," created with the purpose of deceiving banks, and therefore the $12 million USD could not have been paid pursuant to the VAR.

14. At the heart of the parties' dispute, therefore, is the $12 million USD payment from RemX, and whether it was paid pursuant to the VAR or the OTC. The crux of the case is whether the VAR was a purported "dummy agreement," whether the OTC was ever legally valid and enforceable, and whether RemX had failed to comply with the AML and KYC due diligence requirements under the OTC.

15. The parties have duly filed their respective pleadings in the HCA 346 Action and the HCA 361 Action. A true and correct copy of the pleadings filed in the HCA 346 Action is attached hereto as Exhibit 1. A true and correct copy of the pleadings filed in the HCA 361 Action is attached hereto as Exhibit 2.

16. On December 16, 2021, LAE requested summary judgment against RemX on the basis that RemX has no defense to the HCA 346 Action and summary judgment ought to be granted. On December 16, 2021, LAE's founder and director, Mr. Aziz Leonardo Ezequiel Gammar ("Mr. Gammar"), filed an affidavit in support of LAE's summary judgment application ("First Gammar Aff.").

17. The summary judgment application was opposed by RemX, which filed the Affidavit of Eghosasere Nehikhare ("Nehikhare Aff.") and the Affidavit of Abasam Michael

5

Onyia ("Onyia Aff.") on February 4, 2022 in support of RemX's position.

19. 18. On March 29, 2022, LAE filed the 2nd Affidavit of Mr. Gammar ("Second Gammar Aff.") and the Affidavit of Lena Bürkle ("Bürkle Aff.") in reply to the Nehikhare Aff. and the Onyia Aff. Copies of the Second Gammar Aff. and the Bürkle Aff. were filed on March 17, 2022, as exhibits to the affirmation of the solicitor handling the case in order to reach the court before its hearing on LAE's summary judgment application.

19. True and correct copies of the above affidavits (without attachments) filed in connection with LAE's summary judgment application are attached hereto as Exhibit 3.

20. On March 2022, the High Court heard LAE's summary judgment application. On 30 March 2022, the court held that the factual matrix of the case was too complex to warrant the granting of a summary, or "quick," judgment, and dismissed the application (the "Court's Decision"). The High Court therefore ruled that the HCA 346 Action had to proceed to trial in the ordinary manner.

21. On 12 April 2022, LAE filed a Notice of Appeal of the Court's Decision (the "Appeal"). On 22 April 2022, the Court issued an order that both the HCA 346 Action and the HCA 361 Action are to be adjourned pending the determination of the Appeal. The Appeal hearing date has not yet been fixed.

22. Notwithstanding the pendency of LAE's appeal and the adjournment of the HK Proceedings, LAE has an immediate need to obtain the discovery sought in its Application. If LAE discovers new pertinent evidence through this Application, it can apply for leave from the Hong Kong court to introduce such evidence in the appeal, provided that the evidence could not have been obtained with reasonable diligence in the lower court proceedings, would have a particularly important effect on the case, and is presumably to be believed. In light of Mr. Demuren's importance as a witness and his residence outside of Hong Kong, it is probable that at least some portion of the evidence obtained from him would meet these

6

requirements and would warrant an application by LAE to introduce such evidence as part of its appeal.

23. Moreover, in the event that the Court's Decision is upheld on appeal, the HK Proceedings will continue to trial, thereby necessitating LAE's discovery efforts now to obtain evidence from Mr. Demuren for use at trial. The evidentiary record in the HK Proceedings will be incomplete without the deposition testimony of, and relevant documents from, this key witness.

24. For these reasons, LAE respectfully seeks the production of documents and deposition testimony now from Mr. Demuren which would assist LAE in proving its claims against RemX and defending against RemX's claims in the HK Proceedings.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. Executed in Hong Kong SAR on April 26, 2023.

_____
Wu Man Tsuen Alfred